UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JOE LAURENCE MARTIN, | ) | |
| Plaintiffs, | ) | 2:11-cv-0320-LRH-GWF |
| v. | ) | |
| THOMAS R. COLLIER; et al., | ) | ORDER |
| Defendants. | ) | |

Before the court are defendants Thomas R. Collier ("Collier"); Swift Transportation Co., LLC; Swift Transportation Services, LLC; Swift Transportation Co., Inc.; and Swift Transportation Corporation's (collectively "defendants") motion to dismiss (Doc. 5[1]) and motion to strike (Doc. #6) filed on March 2, 2011. Plaintiff Joe Laurence Martin ("Martin") filed an opposition to both motions (Doc. #8) to which defendants replied (Doc. #9).

I.  **Facts and Procedural History**

On February 5, 2009, defendant Collier was driving southbound on Interstate 95 in Clark County, Nevada, when he allegedly struck plaintiff Martin's vehicle causing an accident. Subsequently, on January 26, 2011, Martin filed a complaint against defendants alleging four causes of action: (1) negligence; (2) negligence per se; (3) gross negligence; and (4) punitive

---

[1] Refers to the court's docket number.

damages. Doc. #1, Exhibit A. Thereafter, defendants filed the present motion to dismiss and motion to strike. Doc. ##5, 6.

## II.     Legal Standard

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original)

1  (internal quotation marks omitted). The court discounts these allegations because "they do nothing
2  more than state a legal conclusion—even if that conclusion is cast in the form of a factual
3  allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to
4  dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be
5  plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

6  **III.    Discussion**

7        In their motion to dismiss and motion to strike, defendants seek dismissal of Martin's
8  claims for negligence per se, gross negligence, and punitive damages. *See* Doc. ##5, 6. The court
9  shall address each issue below.

10      **A.  Negligence Per Se**

11        To state a claim for negligence per se, a plaintiff must establish that he belongs to the class
12  of persons that a statute was designed to protect and that the defendant violated the statute causing
13  an injury to the plaintiff. *Anderson v. Baltrusaitis*, 944 P.2d 797, 799 (Nev. 1997).

14        Here, Martin fails to state which statute, if any, defendants violated as well as whether he
15  belongs to the group of persons the statute was intended to protect. Therefore, Martin has failed to
16  establish a claim for negligence per se. Accordingly, the court shall grant defendants' motion to
17  dismiss as to this issue.

18      **B.  Gross Negligence**

19        A claim for gross negligence is separate from a normal negligence claim. To state a claim
20  for negligence a plaintiff must establish that: (1) defendant owed a duty to the plaintiff; (2) the
21  defendant breached that duty causing injury to the plaintiff; (3) the breach was the actual cause of
22  the plaintiff's injury; and (4) the injury was a foreseeable consequence of defendant's breach. *See*
23  *Hammerstein v. Jean Dev. W.*, 907 P.2d 975, 977 (Nev. 1995); *see also Prescott v. United States*,
24  858 F. Supp. 1461, 1471 (D. Nev. 1994). However, to state a claim for gross negligence a plaintiff
25  must establish that the defendant failed "to exercise even the slightest degree of care" in his

26

1  conduct. *Hart v. Kline*, 116 P.2d 672, 673-74 (Nev. 1941).

2  The court has reviewed the documents and pleadings on file in this matter and finds that
3  there are no allegations in the complaint that support a claim for gross negligence. The sole factual
4  allegation in the complaint alleges that "on February 5, 2009, defendant Thomas R. Collier
5  negligently operated the 2008 Volvo when he collided with the [Martin's] vehicle." Doc. #1,
6  Exhibit A. Although Martin alleges that "[t]he aforementioned acts of the defendants constitute
7  gross negligence," his allegations are conclusory in nature and thus, are insufficient to state a claim
8  upon which relief can be granted. *See Moss*, 572 F.3d at 969 (holding that "bare assertions" and
9  "legal conclusions" are insufficient to state claim for relief) (citing *Iqbal*, 129 S. Ct. at 1951).
10 Accordingly, the court shall grant defendants' motion as to this issue.

11 **C. Punitive Damages**

12 Under Nevada law, in order to recover punitive damages, a plaintiff must show the
13 defendant acted with oppression, fraud or malice. *Pioneer Chlor Alkali Co. v. National Union Fire*
14 *Ins. Co.*, 863 F.Supp. 1237, 1250 (D. Nev. 1994). Oppression is a conscious disregard for the rights
15 of others constituting cruel and unjust hardship. *Pioneer Chlor Alkali Co.*, 863 F.Supp. at 1251
16 (citing *Ainsworth v. Combined Ins. Co. of America*, 763 P.2d 673, 675 (Nev. 1988)). Malice is
17 conduct which is intended to injure a person or despicable conduct which is engaged in with a
18 conscious disregard of the rights and safety of others. *See* NRS § 42.005(1).

19 Here, the court finds that there are no allegations in the complaint establishing that
20 defendants acted with malice. Although Martin alleges that "[t]he aforementioned acts of the
21 defendants were malicious and a conscious disregard for [his] safety and rights," his allegations are
22 conclusory in nature and thus, are insufficient to state a claim upon which relief can be granted.
23 *Moss*, 572 F.3d at 969. Accordingly, the court shall grant defendants' motion as to this issue.
24 ///
25 ///
26

1    IT IS THEREFORE ORDERED the defendants' motion to dismiss (Doc. #5) and motion to
2 strike (Doc. #6) are GRANTED. Plaintiff's causes of action for negligence per se, gross negligence,
3 and punitive damages are DISMISSED without prejudice.  Plaintiff is granted twenty (20) days to
4 file an amended complaint.
5    IT IS SO ORDERED.
6    DATED this 27th day of April, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE