UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JON LAURENCE MARTIN,                )
                                    )
            Plaintiff,              )   Case No. 2:11-cv-00320-LRH-GWF
                                    )
vs.                                 )   **ORDER**
                                    )
THOMAS R. COLLIER, et al.,          )   **Motion to Compel - #27**
                                    )
            Defendants.             )
_____)

This matter is before the Court on Defendants' Motion to Compel a Discovery Response (#27), filed on November 21, 2011; Plaintiff's Opposition to Defendant's Motion to Compel (#30), filed on December 5, 2011; and Defendants' Reply in Support of Motion to Compel (#31), filed on December 12, 2011. The Court conducted a hearing in this matter on December 29, 2011.

**BACKGROUND AND DISCUSSION**

Plaintiff commenced this action in Nevada state court to recover damages for bodily injuries he allegedly sustained in a motor vehicle accident on February 5, 2009. The Defendants removed the action to this Court based on diversity of citizenship between the parties. Plaintiff's complaint alleges that he sustained injuries to his neck, head, back and bodily limbs, organs and systems. *Complaint (#1)*, ¶ XII. Plaintiff also alleges that his injuries diminished his ability and capacity to engage in activities to the same extent as prior to the accident. *Id.* ¶ XIV. This includes a claim that the injuries have impaired Plaintiff's ability to practice law. Although Plaintiff does not claim that he sustained a loss of income during his employment by several law firms, he claims that his injuries have resulted in the loss of income since he began his own practice and have impaired his future earnings.

### 1. **Production of Medical and Mental Health Records**

There is no dispute that Defendants are entitled to obtain medical records and bills relating to Plaintiff's alleged accident injuries and Plaintiff's prior 2004 motor vehicle accident which resulted in cervical spine fusion surgery. The parties have also agreed that Plaintiff will provide medical authorizations and HIPAA authorizations so that Defendants can obtain the medical records and bills. Defendants have complained, however, that Plaintiff has not provided the required authorizations in a timely manner. The principal dispute is whether Defendants are entitled to obtain Plaintiff's medical records concerning other injuries, illnesses or conditions, including mental health records. Defendants argue that such records are relevant to Plaintiff's claims for loss of income and impairment of future earning capacity, and that Plaintiff has waived any privileges relating to such records by asserting these claims.

Rule 26(b)(1) of the Federal Rules of Civil Procedure authorizes the parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. The rule contemplates liberal discovery and relevancy under the rule is broad. *Klein v. Freedom Strategic Partners, LLC*, 2009 WL 1606467, *2 (D.Nev. 2009).

The issue of privilege in a diversity case is governed by state law. Fed.R.Evid. 501 and *Potter v. West Side Transportation, Inc.*, 188 F.R.D. 362, 364 (D.Nev. 1999). As *Potter* states, Nevada Revised Statutes (NRS) 49.209 provides that confidential communications between a patient and his psychologist are privileged. There are comparable privileges for confidential communications between the patient and his physician or psychiatrist, NRS 49.225, and between a patient and his marriage or family therapist. NRS 49.246. Each of these statutes provides, however, that the privilege does not apply to communications relevant to an issue of treatment of the patient or client in any proceeding in which the treatment is an element of a claim or defense. *See* NRS 49.213.2, NRS 49.245.3 and NRS 49.249.4. The plaintiffs in *Potter* alleged claims for emotional distress damages arising out of the deaths of their children and siblings in a motor vehicle accident. The court held that plaintiffs waived the privileges under these statutes by voluntarily placing their emotional conditions in issue in the lawsuit. *Potter*, 188 F.R.D. at 365.

. . .

The Plaintiff in this case does not allege a claim for emotional distress damages.  He does, however, allege a claim for loss of income or future earning capacity.  In *Schlatter v. District Court*, 93 Nev. 189, 192, 561 P.2d 1342, 1343-4 (1977), the Nevada Supreme Court held that a plaintiff does not automatically open his or her entire medical history to "carte blanche" discovery by alleging a claim for personal injury damages, including loss of income or earning capacity.  The Court, however, did not explain or define the appropriate boundaries of relevant discovery in that case.  It, instead, remanded the case to the district court to fashion a limited order in compliance with the Court's direction.

In *Rose v. Vermont Mutual Ins. Co.*, 2007 WL 3333394, *1 (D.Vt. 2007), the plaintiff sought recovery of damages for injuries sustained in a motor vehicle accident, including "severe and significant physical injuries pain and suffering, emotional distress, a loss of the enjoyment of life and permanent impairment."  The plaintiff also alleged a claim for loss of income and loss of future earning capacity.  The plaintiff objected to discovery of her mental health records on grounds of relevancy and the psychotherapist-patient privilege.  She argued that her claim for "garden variety emotional injuries which naturally result from the tortious incident and her physical injuries" did not result in a waiver of this privilege.  *Id.*  The district court concluded, however, that plaintiff's mental health records were relevant to her claim for loss of income and impairment of future earning capacity and that the assertion of these claims resulted in a waiver of the psychotherapist-patient privilege.  The court relied on the Vermont Supreme Court's decision in *Mattison v. Poulen*, 134 Vt. 158, 163, 353 A.2d 327, 330 (1976) that the waiver of the privilege "'applies to the discovery of matters causally or historically related to the patient-plaintiff's health put in issue by the injuries and damages claimed in the action.'"  The court further stated:

> The reasoning in *Mattison* applies to this case. The court explained: "Certainly in the interest of justice the defendant in an action for personal injuries and loss of income has the right to determine whether the injuries or conditions complained of result from any other injury or illness which the patient-plaintiff has suffered." *Id.* at 163.  Under the rationale of *Mattison,* Plaintiff has waived her psychotherapist-patient privilege by commencing a personal injury action and claiming damages for lost income, lost earning capacity and activity impairment.

*Rose*, at *2.

3

In *Thornton v. BNSF Railway Co.*, 2008 WL 4360651 (D.Or. 2008), the plaintiff filed an action under the Federal Employers Liability Act (FELA), including a claim for loss of income and impairment of earning capacity. The court held that plaintiff did not waive the psychotherapist-patient privilege, recognized in *Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S.Ct. 1923 (1996), by seeking recovery of these damages. The court rejected the reasoning of *Rose v. Vermont Mutual Ins. Co.* as follows:

> The court in *Rose* relied on a Vermont Supreme Court case when it stated, "Plaintiff has waived her psychotherapist-patient privilege by commencing a personal injury action and claiming damages for lost income, lost earning capacity and activity impairment." At *2. Further, plaintiff in *Rose* did allege a claim for emotional distress. This is not federal law in the Ninth Circuit. Filing a personal injury case does not itself waive the privilege and this court is not aware of any authority in the Ninth Circuit that an allegation of permanent injury and future wage loss alone puts mental health records at issue, even if they are relevant. Because relevancy is not the test, an *in-camera* review by the court is not needed.

*Thornton*, at *2.

As between *Rose* and *Thornton,* this Court believes that *Rose* represents the better view. The potential relevancy of a plaintiff's mental health records to the claims at issue must be considered in deciding whether a plaintiff has waived her privilege by asserting the particular claim. This does no mean, however, that a plaintiff automatically waives his or her privilege regarding otherwise unrelated medical or mental health records anytime she asserts a claim for loss of income or impairment of earning capacity. *See Schlatter, supra.* A plaintiff who is engaged in an occupation that is substantially physical in nature, for example, does not open the door to discovery of his mental health records by seeking recovery of his lost income due to his physical inability to perform his job duties.

The Plaintiff, here, seeks recovery of economic damages based on the alleged impairment of his ability to fully function as an attorney. The practice of law is a sedentary occupation which depends primarily on the individual attorney's mental acuity and endurance. Pain, fatigue or other symptoms caused by physical injuries can obviously impair an attorney's ability to function. So, too, can medication taken to treat those injuries. By the same token, symptoms from unrelated physical or mental injuries, illnesses or conditions can also affect an attorney's mental functioning

and endurance. Because the causes of allegedly impaired mental functioning can be multiple, the scope of discovery should therefore also be relatively broad.

The Court also recognizes that an individual may obtain professional mental health services for issues or problems that are deeply personal and private, but which have had no discernable impact on his or her academic or occupational performance or success. Because the Plaintiff has not overtly placed his mental or emotional condition in issue by asserting a claim for emotional distress damages, caution should be exercised before the Court grants the Defendants discovery of such records on the grounds that they are relevant to Plaintiff's economic loss claims. The Court will therefore conduct *in camera* review of the requested mental health records to determine if they are sufficiently relevant to Plaintiff's claim for lost income or impairment of earning capacity such that waiver of the Nevada state law privileges should be found.

### 2. Rule 35 Examination

During the hearing on this motion, Defendants also raised the issue of their request for a medical examination of the Plaintiff pursuant to Rule 35 of the Federal Rules of Civil Procedure. Defendants seek to have Plaintiff examined by a neurologist regarding his current medical and physical condition and alleged future impairments as a result of the accident. Defendants' counsel previously provided Plaintiff's counsel with proposed dates for the examination, but Plaintiff did not confirm a date for the examination. Plaintiff's counsel stated at the hearing that Plaintiff does not consent to an examination pursuant to Rule 35, but did not provide any specific reason for refusing to consent.

Fed.R.Civ.Pro. 35(a)(1) provides that the court may order a party whose physical or physical condition is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. Rule 35 requires an affirmative showing by the movant that the condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination. *Amato-Fleisher v. Progressive Direct Ins. Co.*, 2008 WL 5255812, *3 (D.Nev. 2008), citing *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 242-43, 13 L.Ed.2d 152 (1964). The rule requires discriminating application in deciding whether the party requesting the examination has adequately demonstrated good cause.

*Id.* There are situations, however, where the pleadings alone are sufficient to meet the requirements. "A plaintiff in a negligence action who asserts mental or physical injury, places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." *Schlagenhauf*, 85 S.Ct. at 243. The Court finds that there is good cause in this case to require Plaintiff to submit to medical examination by Defendants' selected neurologist pursuant to Rule 35 based on Plaintiff's claim of present and future impairment of his physical condition as a result of his accident injuries. Plaintiff has not provided the Court with any reason that would justify denial of the request. Accordingly,

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Compel a Discovery Response (#27) is **granted** as follows:

1. Defendants are entitled to obtain production of Plaintiff's medical records (including mental health records subject to *in camera* review by the Court) for a period of five (5) years prior to the date of the subject accident to the present. Plaintiff shall provide the necessary medical/HIPAA authorizations to Defendants' counsel to obtain such records within seven (7) days from the date of this order.

2. Any mental health treatment records obtained by Defendants pursuant to this order shall be produced by the provider in a sealed envelope or package and shall be submitted in such condition to the Court for *in camera* review. Defendants, their counsel, experts, consultants or other agents shall not examine the records until and unless authorized to do so by further order of the Court.

3. Plaintiff shall submit to an examination by Defendants' designated neurologist within sixty days (60) from the date of this order.

DATED this 4th day of January, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge