UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JON LAURENCE MARTIN, | ) | |
| Plaintiff, | ) ) | Case No. 2:11-cv-00320-LRH-GWF |
| vs. | ) ) | **ORDER** |
| THOMAS R. COLLIER, et al., | ) ) | Motion to Enforce Order (#37) |
| Defendants. | ) ) | |

This matter comes before the Court on Defendants' Motion to Enforce Order (#37), filed on January 13, 2012; Plaintiff's Opposition to Defendants' Motion to Enforce Order (#38), filed on January 19, 2012; and Defendants' Reply in Support of Motion to Enforce Order (#39), filed on January 25, 2012.

Following a hearing on December 29, 2011, the Court issued a written Order (#35), on January 4, 2012, granting Defendants' Motion to Compel Discovery (#27). The Court ordered Plaintiff to provide the necessary medical/HIPAA authorization to Defendants' counsel within seven days of the Order. Defendants were therefore required to produce the documents by January 11, 2012. On January 13, 2012, Defendants filed a Motion to Enforce Order (#37) with the Court stating that Plaintiff has failed to comply with the Court's Order and requesting that the Court strike Plaintiff's pleadings in whole or at a minimum strike Plaintiff's claim for lost wages and loss of earning capacity. Defendants additionally request the Court order Plaintiff to pay the fees and costs associated with bringing the motion.

In response, Plaintiff claims that the responsive documents were provided to Defendants on January 13, 2012, and argues that the delay in providing the documents was due to mere

inadvertence. Plaintiff therefore argues that the Defendants' motion is moot as the documents have since been produced. In Reply, however Defendants continue to argue that sanctions are necessary because the Plaintiff did not provide the documents by the date ordered by the Court. Further, Defendants claim they still have not received the contact information for the two additional mental health providers that Plaintiff provided HIPAA authorizations for on January 24, 2012.

The Court will not enter an Order, directing a party to do something that it already ordered that party to do. The Order (#27) entered by the Court on January 4, 2012 still remains in effect and Plaintiff has a duty to fully comply with that Order. Plaintiff concedes that he did not provide the responsive documents by the date ordered by the Court. The documents however were provided shortly thereafter, and any delay in production of such documents does not appear to prejudice the Defendants. At this point, it appears that Plaintiff has complied with the Court's order, although untimely, with the exception of providing Defendants with the contact information for the two additional mental health providers that were disclosed on January 24, 2012. Plaintiffs should provide this contact information to Defendants as soon as possible.

The Court admonishes Plaintiff for their delay in providing the responsive documents to Defendants. The Court however will not strike any pleadings or claims and will not order Plaintiff to pay the fees and costs associated with bringing this motion. The cost of this motion may have been avoided if the parties would have communicated with each other concerning the production of the documents. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Enforce Order (#37) is **denied**.

DATED this 26th day of January, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge