# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JON LAURENCE MARTIN, | |
| Plaintiff, | Case No. 2:11-cv-00320-LRH-GWF |
| vs. | **ORDER** |
| THOMAS R. COLLIER, et al., | **Motion to Strike Plaintiff's Calculation of Damages - #58** |
| Defendants. | |

This matter is before the Court on Defendants' FRCP 37(c) Motion to Strike Plaintiff's Calculation of Damages as to Future Surgeries (#58), filed on June 18, 2012; Plaintiff's Opposition to Defendants' Motion to Strike (#59), filed on June 25, 2012; and Defendants' Reply in Support of their Motion to Strike (#4), filed on June 28, 2012.

## BACKGROUND

Plaintiff John Laurence Martin allegedly suffered injuries to his neck and back in a motor vehicle accident that occurred on February 5, 2009. On April 9, 2012, Plaintiff disclosed Dr. Andrew Cash, an orthopedic surgeon, as his expert witness pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. *Motion to Strike (#58), Exhibit C.* Based on his review of Plaintiff's medical records and his own evaluation and treatment of Plaintiff, Dr. Cash stated in his February 15, 2012 report:

> It appears that this patient's cervical pain is related to discogenic pain at C67. I would recommend confirmatory transforaminal epidural injection at C67. Sharma demonstrated complete resolution of upper extremity pain and 50% resolution of neck pain with similar injections to C56 and C67. The fused level C56 is unlikely to be the pain generator."

*Exhibit C, Dr. Cash's Report, pg. 18-19.*

After discussing Plaintiff's lumbar spine condition, Dr. Cash further stated:

> The subject accident is directly and causally related to 75% of the lumbar care and treatment and 85% of the cervical care and treatment that followed 02/05/2009.
>
> It is likely that the patient will require anterior cervical discectomy and fusion at C67 with exploration at C56.

*Id.* at pg. 19.

Dr. Cash's report did not provide an estimate for the cost of the cervical discectomy and fusion surgery.

Plaintiff served his Third Supplement to FRCP Disclosures on April 9, 2012. *Motion to Strike (#58), Exhibit D.* The Disclosure provided an updated computation of damages. As to future medical expenses, the Disclosure stated: "To be determined." *Id.* The Disclosure summarized Dr. Cash's expected testimony and stated that "[h]e will testify regarding the plaintiff's need for ongoing treatment and future spine surgery." *Id.* Dr. Cash's deposition was taken on May 23, 2012 during which he reportedly stated that the plaintiff would require anterior cervical discectomy and fusion at C67 with exploration at C56. *Plaintiff's Opposition (#59), pg. 3.* There is no indication that Dr. Cash provided an estimate for the cost of the surgery during his deposition.

Plaintiff served his Fourth Supplement to FRCP 26 Disclosures on or about May 25, 2012. *Motion to Strike (#58), Exhibit B.* Under Future Medical Expenses, the Disclosure stated:

> Please refer to the report of Dr. Andrew Cash referencing a future cervical fusion and repeat injections. The global cost of the cervical surgery and post surgery rehabilitation is expected to be between $150,000 and $200,000.

Defendant argues that Dr. Cash's anticipated testimony regarding the cost of the future surgery should be excluded because it was not disclosed in Dr. Cash's report or sufficiently before the close of discovery on June 7, 2012.

### DISCUSSION

This Court stated as follows in *Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D.Nev. 2011):

> Rule 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not

2

1  allowed to use that information or witness to supply evidence at trial
   unless the failure was substantially justified or is harmless. The rule
2  also states that "in addition to or instead of this sanction," the court
   may order payment of reasonable expenses, including attorney's fees
3  caused by the failure, and may impose other appropriate sanctions,
   including any of the orders listed in Rule 37(b)(2)(A)(i)–(v). The
4  burden is upon the disclosing party to show that the failure to
   disclose information or witnesses was justified or harmless. *Yeti by
5  Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1107 (9th
   Cir.2001).
6
   Rule 37(c)(1) does not require the court, in all instances, to exclude
7  evidence as a sanction for a late disclosure that is neither justified nor
   harmless. *See Design Strategy, Inc. v. Davis,* 469 F.3d at 296, 298,
8  and *Allstate Ins. Co. v. Nassiri,* 2011 WL 2977127, *5–6
   (D.Nev.2011). In *Wendt v. Host International, Inc.,* 125 F.3d 806,
9  814 (9th Cir.1997), the Ninth Circuit identified several factors that
   the district court may consider in deciding whether to impose Rule
10 37(c)(1)'s exclusion sanction. Those factors include (1) the public's
   interest in expeditious resolution of litigation, (2) the court's need to
11 manage its docket, (3) the risk of prejudice to the other parties, (4)
   the public policy favoring disposition of cases on their merits, and (5)
12 the availability of less drastic sanctions. Although a finding of
   willfulness or bad faith is not required in order to impose the
13 evidence preclusion sanction, willfulness or bad faith is clearly a
   factor in deciding the appropriate level of sanction. *See also AZ
14 Holding, L.L.C. v. Frederick,* 2009 WL 2432745, *5 (D.Ariz.2009);
   *Park v. CAS Enterprises, Inc.,* 2010 WL 55888, *4 (S.D.Cal.2010);
15 *Galentine v. Holland America Line–Westours, Inc.,* 333 F.Supp.2d
   991, 995 (W.D.Wash.2004); *F.D.S. Marine, LLC v. Brix Maritime
16 Co.,* 211 F.R.D. 396 (D.Or.2001); and *Lindner v. Meadow Gold
   Dairies, Inc.,* 249 F.R.D. 625, 642 (D.Haw.2008).
17
   Courts are more likely to exclude damages evidence when a party
18 first discloses its computation of damages shortly before trial or
   substantially after discovery has closed. *CQ Inc. v. TXU Mining
19 Company,* 565 F.3d 268 (5th Cir.2009); *24/7 Records v. Sony Music
   Entertainment,* 566 F.Supp.2d 305, 318 (S.D.N.Y.2008); and *Green
20 Edge Enterprises, LLC v. Rubber Mulch Etc. LLC,* 2009 WL
   1383275 (E.D.Mo.2009). In *Hoffman v. Construction Protective
21 Services,* 541 F.3d 1175 (9th Cir.2008), the Ninth Circuit affirmed
   the district court's order excluding plaintiffs' damages evidence
22 because they failed to provide any computation of damages prior to
   the pretrial conference. The court stated that the late disclosure was
23 not harmless because it would have most likely required the trial
   court to create a new briefing schedule and perhaps re-open
24 discovery, rather than simply set a trial date.

25    Typically, a medical expert witness will provide an estimate for the cost of future surgery

26 that he believes the plaintiff will need as a result of his accident injuries. It is unclear why Dr. Cash

27 did not include an estimate in his February 15, 2012 report or why Plaintiff's counsel did not

28 request that Dr. Cash supplement his report and provide such an estimate. The failure to provide an

estimate does not appear to have been willful, however. In his supplemental damages computation served on May 25, 2012, Plaintiff estimated that the cost for the surgery, including rehabilitation, would be in the range of $150,000 to $200,000. According to Plaintiff, Defendants' own medical expert estimated the cost of such surgery during his 2009 deposition in another case at approximately $170,000. *Opposition (#59), pg. 4, and Exhibit 3*. No trial date has yet been set in this case and the joint pretrial order is not due until August 1, 2012.

Under the circumstances, Defendants will not be prejudiced if Dr. Cash is permitted to supplement his expert witness report to provide an opinion regarding the estimated cost for the future medical treatment, including cervical spine surgery, that he recommended in his February 15, 2012 report. Defendants may serve a rebuttal opinion by their own medical expert witness if they disagree with Dr. Cash's estimate regarding the proposed cost of the future medical treatment. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' FRCP 37(c) Motion to Strike Plaintiff's Calculation of Damages as to Future Surgeries (#58) is **denied** on condition that Plaintiff serve a supplemental report signed by Dr. Cash which provides an estimate for the cost of the recommended cervical spine surgery on or before **July 16, 2012**. Defendants may provide a rebuttal report by their own medical expert on or before **July 30, 2012**.

DATED this 2nd day of July, 2012.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge